```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| BOU-MATIC, L.L.C., | ) | 1:05-cv-0203 OWW SMS |
| | ) | |
| | ) | ORDER DENYING FULLWOOD |
| Plaintiff, | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS |
| v. | ) | (F.R.Civ.P. 12(b)(2)) |
| | ) | |
| OLLIMAC DAIRY, INC.; TURLOCK DAIRY AND REFRIGERATION, INC.; R.J. FULLWOOD AND BLAND, LIMITED; FUSION ELECTRONICS, B.V.; LELY RESEARCH HOLDING, AG; and LELY INDUSTRIES, N.V., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

## I. INTRODUCTION

Defendants R.J. Fullwood and Bland, Limited, Fullwood, Limited, and Fusion Electronics, B.V. (collectively, "Fullwood" or "the Fullwood Defendants") move to dismiss Plaintiff Bou-Matic's Complaint pursuant to Rule 12(b)(2), F.R.Civ.P., for lack of personal jurisdiction as to the Fullwood Defendants.  The Plaintiff opposes the motion.

## II. PROCEDURAL HISTORY

Bou-Matic filed its Complaint on February 14, 2005, seeking declaratory judgment, pursuant to 28 U.S.C. § 2201, as to its

rights and liabilities in relation to the named Defendants.  Bou-Matic claimed that 28 U.S.C. § 1332(a)(2) grants the court subject-matter jurisdiction based on diversity of the parties' citizenship and satisfaction of the $75,000 requirement for minimum amount in controversy.

Fullwood challenge the court's exercise of personal jurisdiction over them, on the grounds that their contacts with California are insufficient to establish general or specific jurisdiction.

### III.   BACKGROUND

**Bou-Matic is a dairy equipment supplier, distributing nationwide in the United States through independent local equipment dealers such as Defendant Turlock Dairy and Refrigeration, Inc (TDR).  One of its products is a robotic milking system (RMS), which reduces the need for human involvement in the milking process.  Doc. 1, Compl., ¶¶ 3-4.**

**Through TDR, Bou-Matic supplied an RMS to Ollimac, after lengthy negotiations, between April 2003 and August 2004.  Decl. of Robert A. Morelli (RAM Decl.), ¶ 7.**

**The RMS did not perform to Ollimac's expectations, and Ollimac became concerned that the representations allegedly made by Bou-Matic during the prior negotiations were false.  Ollimac brought these concerns to Bou-Matic, and requested assistance from Bou-Matic and TDR to ensure that the RMS perform in the manner which Ollimac claims Bou-Matic's representations led it to expect.  RAM Decl., ¶¶ 8-12.  Bou-Matic then filed the present action, seeking a declaration of its rights and responsibilities**

2

regarding the named Defendants, who participated in various capacities in the development, construction, sale, and installation of the RMS. Doc. 47, Mem. in Opp., 2.

## IV.  LEGAL STANDARD

Plaintiffs bear the burden of establishing that the district court has personal jurisdiction over each defendant. *See Fed. Deposit Ins. Corp. v. British-American Ins. Co.,* 828 F.2d 1439, 1441 (9th Cir.1987). "[U]ncontroverted allegations in the complaint must be taken as true." *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir.2002) (citing *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir.1977)). Any "conflicts between the facts contained in the parties' [pleadings and] affidavits must be resolved in [the non-movant's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T,* 94 F.3d at 588 (citations omitted); *see also Dole,* 303 F.3d at 1108 (finding that "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor"). Where, as here, the district court "relies solely on affidavits and discovery materials, the plaintiff need only establish a prima facie case of jurisdiction." *See Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 n. 3 (9th Cir.1993).

3

Personal jurisdiction over a nonresident defendant is ordinarily tested by a two-part analysis.  First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute.  Second, the exercise of jurisdiction must comport with federal due process.  *Chan v. Soc'y Expeditions, Inc.,* 39 F.3d 1398, 1404-05 (9th Cir.1994). California's "long-arm" statute, however, "allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution."  *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)*; see also Data Disc, Inc. v. Sys. Tech. Assoc.,* 557 F.2d 1280, 1286 (9th Cir.1977); Cal. Civ. Proc. § 410.10 (stating that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States").  Hence, the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process."  *Harris Rutsky & Co.*, 328 F.3d at 1129 (*quoting Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989)).

For a defendant to be subject to personal jurisdiction in the forum state, due process requires that the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).  Due process may be satisfied by establishing that one of two forms of personal jurisdiction exists: general jurisdiction or specific

jurisdiction. *See Lake v. Lake,* 817 F.2d 1416, 1420-21 (9th Cir. 1987). Plaintiff alleges that the court has specific personal jurisdiction over the Fullwood Defendants.

To determine whether the district court can exercise specific jurisdiction over the defendants, courts apply a three-part test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Harris Rutsky & Co.,* 328 F.3d at 1129 (*quoting Lake,* 817 F.2d at 1421).

Under the first prong, "courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction." *Steel v. United States,* 813 F.2d 1545, 1549 (9th Cir.1987). "The purposeful availment standard requires more than foreseeability of causing injury in another state." *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 560 (9th Cir.1995) (*citing Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). "The foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Terracom,* 49 F.3d at 560 (*citing World- Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100

S.Ct. 559, 62 L.Ed.2d 490 (1980)). "The purposeful availment prong prevents defendants from being haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated contacts.'" *Terracom,* 49 F.3d at 560 (*quoting Burger King,* 471 U.S. at 475).

"The second prong of the specific jurisdiction test (litigation must 'arise out of or relate to those activities') is met if, 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom,* 49 F.3d at 561 (*citing Shute v. Carnival Cruise Lines,* 897 F.2d 377, 385-386 (9th Cir.1990) (citations omitted), *rev'd on other grounds*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)).

The third prong of the test, reasonableness, is presumed once the court finds purposeful availment. *Ballard v. Savage,* 65 F.3d 1495, 1500 (1995) (*citing Sher v. Johnson,* 911 F.2d 1357, 1364 (9th Cir.1990)("once court finds purposeful availment, it must presume that jurisdiction would be reasonable")). When such a presumption operates, the burden of proving unreasonableness shifts to defendant. *Ballard,* 65 F.3d at 1500. At this point, to avoid jurisdiction, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Ballard,* 65 F.3d at 1500 (*quoting Burger King,* 471 U.S. at 477).

## V.  ANALYSIS

The moving parties, the Fullwood Defendants, are foreign entities. Specifically, Fullwood, Limited, and R.J. Fullwood and Bland, Limited, are limited liability companies organized under

**6**

the laws of the United Kingdom and have their principal place of business there.  Fusion Electronics, B.V., is organized as a corporation under Dutch law and has its principal place of business in The Netherlands.  Both Fullwood and Fusion Electronics are subsidiaries of R.J. Fullwood and Bland.

Fullwood deny having the contacts requisite to be subject to personal jurisdiction in the Eastern District:

> The Fullwood Defendants play no role in Bou-Matic's marketing processes and have no contractual or on-going relationship with any of Bou-Matic's customers.  None of the Fullwood Defendants ha[s] ever had any offices in California or the U.S., nor have they based any of their employees here.  Furthermore, the Fullwood Defendants have never had any sales representatives based in the U.S.  Instead, Fullwood and Fullwood and Bland both operate out of the United Kingdom, while Fusion Electronics operates out of The Netherlands.

Mot. to Dismiss at 4.

Fullwood concedes, however, that in 2000 it entered into an agreement granting Bou-Matic exclusive authority to sell and distribute the Fullwood Defendants' RMS within the United States. Mot. to Dismiss at 3.  *See* Pl.'s Mot. in Opp. to Mot. to Dismiss at 3.

Plaintiff claims that Fullwood adapted the RMS in two ways for the California market.  First, in consultation with Bou-Matic, Fullwood modified its RMS specifically to suit the Jersey cows that predominate in the American, and particularly in the Californian, dairy market.  Secondly, Fullwood designed a new

7

software system specifically to meet the needs of Ollimac's California operations.  Pl.'s Mot. in Opp. to Mot. to Dismiss at 7-8.

In *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), four Justices held that neither the "mere foreseeability" that the defendant's product would find its way into the forum State after being placed in the stream of commerce by the defendant, nor the defendant's awareness that such an event would occur, was a sufficient basis for personal jurisdiction. *Asahi*, 480 U.S. at 107, 107 S.Ct. at 1031.  For these Justices, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State," and is an insufficient basis for the assertion of personal jurisdiction over the defendant by the forum State. *Asahi*, 480 U.S. at 112, 107 S.Ct. at 1032.  Four other Justices cited the rule of *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980), holding that such foreseeability or awareness satisfies the due process requirement of minimum contacts. *Asahi*, 480 U.S. at 116ff, 107 S.Ct. at 1034ff.

Examples of "additional conduct of the defendant" that "may indicate an intent or purpose to serve the market in the forum State" include marketing the product through a distributor who has agreed to serve as the sales agent in the forum State, and designing the product for the market in the forum State. *Asahi*, 480 U.S. at 112-13, 107 S.Ct. at 1032; *see also Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 544 (6th Cir. 1993) ("Duphar cannot deny that by licensing Astra to distribute

**8**

ritodrine in all fifty states it employed the distribution system that brought ritodrine to Kentucky"). Plaintiff alleges that the Fullwood Defendants took both these actions prior to the filing of the instant suit, and no contrary evidence has been provided. *Rano v. Sipa Press, Inc.,* **987 F.2d 580, 587 n. 3 (9th Cir. 1993)**.

Plaintiff's evidence establishes a prima facie case of purposeful availment, meeting the first prong of the three-prong test for specific personal jurisdiction.

Bou-Matic has also made a prima facie case on the second prong of the test for specific personal jurisdiction. Plaintiff is the sole U.S. distributor for Fullwood for the RMS product. But for Fullwood's appointment of Plaintiff as its U.S. distributor, the RMS which gives rise to this dispute and Plaintiff's cause of action would not have been sent to Ollimac in California. *Terracom,* 49 F.3d at 561.

The reasonableness of a court's otherwise valid assertion of personal jurisdiction is presumed once the plaintiff has made a prima facie case that the defendant purposefully availed itself of business opportunities in the forum State. *Ballard v. Savage,* 65 F.3d 1495, 1500 (1995). When such a presumption operates, the burden of proving unreasonableness shifts to the defendant. *Id.* To avoid jurisdiction, the defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

In judging reasonableness, the court applies a test which considers seven factors: (1) the extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the

9

1  sovereignty of the defendant's state; (4) the forum state's
2  interest in the dispute; (5) the most efficient forum for
3  judicial resolution of the dispute; (6) the importance of the
4  chosen forum to the plaintiff's interest in convenient and
5  effective relief; and (7) the existence of an alternative forum.
6  *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 851
7  (9th Cir. 1993).  The court is called upon to "balance all seven
8  factors, recognizing that none of the factors is dispositive in
9  itself."  *Terracom,* 49 F.3d at 561 (citation omitted).
10      Plaintiff's factual showing establishes that the Fullwood
11  Defendants have intentionally availed themselves of the
12  substantial dairy market that exists in California.  They have an
13  exclusive agreement with Bou-Matic to take advantage of Bou-
14  Matics's North American distribution network generally and
15  specifically in California.  Fullwood have adapted their product
16  to market conditions in California.
17      The burden which defending this suit in this forum would
18  place on Fullwood is a cost of doing business here.  "The unique
19  burdens placed upon one who must defend oneself in a foreign
20  legal system should have significant weight in assessing the
21  reasonableness of stretching the long arm of personal
22  jurisdiction over national borders."  *Asahi*, 480 U.S. at 114.
23  The Fullwood Defendants are Dutch and British entities.
24      "When minimum contacts have been established," though,
25  "often the interests of the plaintiff and the forum in the
26  exercise of jurisdiction will justify even the serious burdens
27  placed on the alien defendant."  *Id.*  Bou-Matic is a limited
28  liability corporation incorporated under the laws of Nevada.  Its

**10**

principal place of business is Wisconsin.  The legitimate interests of California in this dispute center on its residents TDR, a dealer for Plaintiff in the RMS, and also on the dairy which has allegedly suffered loss of business and damages caused by a defective RMS.  *Id.*  California's interest in the well-being of its dairy industry, one of the nation's largest, is also implicated in this suit.  *Asahi*, 480 U.S. at 114-15.

The RMS was installed, and is allegedly malfunctioning, at the Ollimac Dairy in Turlock, California.  Many of the operative facts, including but not limited to the representations made to induce the sale, modifications to the RMS for Plaintiff, and operation of the RMSs, are in the forum State.  Interests of judicial efficiency and of the Plaintiff's convenience both favor California as a proper forum State.

As to the extent of conflict with the sovereignty of a foreign state, Fullwood argues, "It is likely that the courts of both the United Kingdom and The Netherlands would view the assertion of jurisdiction over the Fullwood Defendants as conflicting with their national sovereignty, since the Fullwood Defendants are Dutch and British entities."  Reply Mem. At 8.

"Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi,* 480 U.S. at 115, 107 S.Ct. at 1034 (citation omitted).  "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) (citation omitted).

**11**

In determining how much weight to give this factor, the Ninth Circuit has focused on the presence or absence of connections to the United States in general, not just to the forum state.  Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships.  *Sinatra*, 854 F.2d 1191 (1988).  By entering into an exclusive distributorship agreement with Bou-Matic, the Fullwood Defendants sought and obtained extensive and continuous contacts with the American market and should expect to be haled into U.S. courts.

The Fullwood Defendants have cited no expression of sovereign interest in this case on the part of either the Dutch or British governments.  They cite no other foreign policy, law, or political consideration that would prevent the court from exercising jurisdiction, beyond the speculative one quoted above. *See Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 398 (9th Cir. 1983); *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989).  This factor disfavors Fullwood.

Fullwood have not presented a compelling case against the reasonableness of the court's assertion of jurisdiction over them, and have not overcome the presumption and direct evidence of their purposeful availment in California of Plaintiff's business for their RMS, reasonably justifying assertion of personal jurisdiction.

VI.   <u>CONCLUSION</u>

The Fullwood Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.
DATED: March _15__, 2006

               **/s/ OLIVER W. WANGER_____**

                **Oliver W. Wanger**
             **UNITED STATES DISTRICT JUDGE**

13