1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8   BOU-MATIC, L.L.C. a Wisconsin    )    1:05-cv-0203 OWW SMS
    Limited Liability Corporation,   )
9                                    )    ORDER DENYING DEFENDANT
                                     )    OLLIMAC DAIRY'S MOTION TO
10                  Plaintiff,       )    DISMISS
                                     )    (F.R.Civ.P. 12(b)(1))
11       v.                          )
                                     )
12  OLLIMAC DAIRY, INC., a           )
    California Corporation; TURLOCK  )
13  DAIRY AND REFRIGERATION, INC., a )
    California Corporation; R.J.     )
14  FULLWOOD AND BLAND, LIMITED, a   )
    United Kingdom Limited Liability )
15  Company; FULLWOOD FUSION         )
    ELECTRONICS B.V., a Netherlands
16  Corporation; FULLWOOD LIMITED, a
    United Kingdom Corporation; LELY
17  RESEARCH HOLDING AG, a foreign
    business entity; and LELY
18  INDUSTRIES N.V., a foreign
    business entity,
19
20                  Defendants.

21  _____

22

23                    I.   <u>INTRODUCTION</u>

24       Defendant Ollimac Dairy, Inc. (Ollimac) moves to dismiss

25  Plaintiff Bou-Matic's (Bou-Matic) suit for declaratory judgment

26  for lack of subject-matter jurisdiction.  Plaintiff opposes the

27  motion.

28

                              1

## II.   PROCEDURAL HISTORY

The complaint was filed on February 14, 2005, seeking declaratory judgment, pursuant to Title 28, Section 2201, of the United States Code.  Doc. 1, Compl.  Subject-matter jurisdiction is alleged based on diversity of the parties' citizenship and satisfaction of the $75,000 requirement for minimum amount in controversy.  See 28 U.S.C. § 1332.

Ollimac filed the motion to dismiss on November 18, 2005. Doc. 35, Mot. to Dismiss.  Bou-Matic filed its response in opposition on February 10, 2006.  Doc. 47, Mem. in Opp.  Ollimac replied on February 17, 2006.  Doc. 48, Reply.

## III.   BACKGROUND

**Bou-Matic is a dairy equipment supplier, distributing nationwide through independent local equipment dealers such as Defendant Turlock Dairy and Refrigeration, Inc (TDR).  One of its products is a robotic milking system (RMS), which reduces the need for human involvement in the milking process.  Doc. 1, Compl., ¶¶ 3-4.**

**Through TDR, Bou-Matic supplied an RMS to Ollimac, after lengthy negotiations, between April 2003 and August 2004.  Decl. of Robert A. Morelli (RAM Decl.), ¶ 7.**

**The RMS did not perform to Ollimac's expectations, and Ollimac became concerned that the representations allegedly made by Bou-Matic during the prior negotiations were false.  Ollimac brought these concerns to Bou-Matic, and requested assistance from Bou-Matic and TDR to ensure that the RMS perform in the manner which Ollimac claims Bou-Matic's representations led it to**

2

**expect.  RAM Decl., ¶¶ 8-12.  Bou-Matic then filed the present action, seeking a declaration of its rights and responsibilities regarding the named Defendants, who participated in various capacities in the development, construction, sale, and installation of the RMS.** Doc. 47, Mem. in Opp., **2**.

### IV.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal of a suit for lack of subject-matter jurisdiction.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "When subject-matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

A challenge to jurisdiction under Rule 12(b)(1) "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003).  In a factual Rule 12(b)(1) challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("[i]n resolving a factual attack on jurisdiction, the district court may review

**3**

1  evidence beyond the complaint without converting the motion to

2  dismiss into a motion for summary judgment").

3      Once the moving party has converted the motion to dismiss

4  into a factual motion by presenting affidavits or other evidence

5  properly brought before the court, the party opposing the motion

6  must furnish affidavits or other evidence necessary to satisfy

7  its burden of establishing subject-matter jurisdiction. *Savage*,

8  343 F.3d 1039-40 n.2.

9                    V.   <u>ANALYSIS</u>

10 1.   Subject-matter Jurisdiction

11     The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does

12 not by itself confer federal subject-matter jurisdiction.   Bou-

13 Matic is required to plead an independent basis for federal

14 jurisdiction.   *See Nationwide Mut. Ins. Co. v. Liberatore*, 408

15 F.3d 1158, 1161 (9th Cir. 2005).   Ollimac argues that the court

16 lacks subject-matter jurisdiction over this declaratory-judgment

17 action, because the court has neither federal-question ("arising-

18 under") nor diversity jurisdiction over the underlying suit.

19 Doc. 35, Mot. to Dismiss, at 7-9, 11-12.

20     A party may seek declaratory relief in federal court if the

21 one against whom the action is brought could have asserted her or

22 his own rights there.   If the declaratory-judgment defendant

23 could have brought a coercive action in federal court to enforce

24 that party's rights, then the court has jurisdiction.   The court

25 determines whether it has jurisdiction by asking whether it would

26 have jurisdiction had the declaratory-relief defendant been a

27 plaintiff seeking a federal remedy.   *See Standard Ins. Co. v.*

28 *Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) (*citing Franchise Tax*

**4**

*Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19 & n. 19 (1983)); *see also* 10B Wright, Miller & Kane, Fed. Prac. & Pro.: *Civil* 3d [hereinafter, "Wright, Miller & Kane"] § 2767.

a.   Federal Question ("Arising Under")

Ollimac argues that there is no federal-question subject-matter jurisdiction because the underlying claims, which Ollimac is presently asserting against Bou-Matic in state court, all arise under state, not federal, law:

> Each of [Ollimac's] claims [is] related to what amounts
> to a basic contract dispute, or a tort theory, that
> will be adjudicated based upon state substantive law.

Doc. 35, Mot. to Dismiss, 8.

Ollimac's Stanislaus County Superior Court action complaint, attached as Exhibit B to its motion to dismiss, alleges eight causes of action: (1) fraud and deceit; (2) negligent misrepresentation; (3) breach of contract (third-party beneficiary); (4) breach of express warranty; (5) breach of implied warranty; (6) strict products liability; (7) negligence; and (8) declaratory relief.  Doc. 35, Mot. to Dismiss, Ex. B, 1. All these causes of action arise only under state law.  Ollimac represents that it will not assert any other claim which would arise under federal law.  Doc. 35, Mot. to Dismiss, 8.

The well-pleaded complaint rule applies to declaratory-judgment actions.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002).  A case "arises under" federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law.  The presence or absence of

federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Gutierrez*, 277 F.3d at 1088-89 (citations and internal quotation marks omitted).

Since there is no arising-under jurisdiction over Ollimac's underlying claims, there is no arising-under jurisdiction over Bou-Matic's declaratory-judgment action. *Id.*; *Saklad*, 127 F.3d 1179, 1181.

b.   Diversity Jurisdiction

Bou-Matic claims subject-matter jurisdiction based on the parties' diversity of citizenship and the amount in controversy, exclusive of interests and costs:

> This [c]ourt has subject-matter jurisdiction over this
> action because Plaintiff, a citizen of Nevada and
> Wisconsin, seeks declaratory relief pursuant to [Title
> 28, Section 2201, of the United States Code] involving
> potential liability that far exceeds $75,000, and the
> Defendants are citizens of California, the United
> Kingdom, Switzerland, and the Netherlands, thus
> creating complete diversity between the Plaintiff and
> each Defendant.

Doc. 47, Mem. in Opp., 6. *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

While conceding that the amount-in-controversy requirement for diversity jurisdiction is satisfied, *see* 28 U.S.C. § 1332, Ollimac denies that there is complete diversity in the underlying claim.  Ollimac argues:

1   [I]t is TDR who officially sold the robots to Bank of
2   the West, who now leases them to Ollimac. [citation]
3   Accordingly, Ollimac possesses compulsory claims
4   against TDR which must necessarily be adjudicated in
5   conjunction and simultaneously with Ollimac's claims
6   against Bou-matic.  Pursuant to Section 8(b) of
7   Ollimac's lease agreement with Bank of the West,
8   Ollimac is assigned all rights the Bank may have
9   against the seller of the robots (TDR).  In effect,
10  Ollimac stands in the shoes of the bank for the purpose
11  of the causes of action asserted against TDR in state
12  court.

13  Doc. 35, Mot. to Dismiss, 11.

14  Section 8(b) of Ollimac's lease agreement with Bank of the
15  West provides:

16  [Ollimac] and [Bank of the West] agree that all such
17  risks described above [express or implied warranties] .
18  . . are to be borne by [Ollimac]. [Bank of the West] is
19  not responsible for any direct, indirect, incidental,
20  or consequential damage to or losses resulting from the
21  installation, operation, or use of [the RMS] or any
22  products manufactured thereby.  *All assignable*
23  *warranties made by the Supplier to [Bank of the West]*
24  *are hereby assigned to* [Ollimac] *for and during the*
25  *term of this lease and* [Ollimac] *agrees to resolve all*
26  *such claims directly with the Supplier.*

27  Doc. 35, Mot. to Dismiss, Ex. A, 2 (emphasis added).  TDR is a
28  defendant in the Stanislaus County Superior Court case filed by

7

1  Ollimac.  Id., Ex. B, 1.  Both Ollimac and TDR are California
2  corporations.

3      Unlike the federal-question jurisdiction determination in
4  the context of declaratory judgment, in which the court looks to
5  the underlying claim, the ordinary rule of diversity jurisdiction
6  applies.  The court considers only the citizenship of the parties
7  as they appear in the declaratory-judgment action, not as they
8  would in any underlying claim.

9          The usual rules apply in determining the existence of
10         diversity and of the requisite amount in controversy.
11         . . . Federal question jurisdiction is more complicat-
12         ed, as is discussed in the next section.
13  Wright, Miller & Kane, § 2766.

14      The parties to the declaratory-judgment action are diverse,
15  and more than the statutory minimum amount, seventy-five thousand
16  dollars, is in dispute.  Federal subject-matter jurisdiction
17  based on diversity exists.

18  2.   Discretionary Dismissal of Declaratory-Judgment Action

19      Ollimac argues that even if the court has subject-matter
20  jurisdiction over the declaratory-judgment action, the court
21  should dismiss the complaint.  Even where federal jurisdiction
22  exists, the district court enjoys broad discretion to dismiss a
23  suit for declaratory relief where a state suit is pending.
24  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (*citing*
25  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)).

26         The *Brillhart* factors remain the philosophic touchstone
27         for the district court.  The court should avoid
28         needless determination of state law issues; it should

**8**

1     discourage litigants from filing declaratory actions as

2     a means of forum shopping; and it should avoid

3     duplicative litigation.

4  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th

5  Cir. 1998).  State law alone controls the outcome of this case.

6  Ollimac's underlying claims sound exclusively in tort and

7  contract, and are therefore creatures of California, not federal,

8  law.

9     Bou-Matic argues correctly that no presumption has arisen in

10  favor of dismissal of the declaratory-judgment action, because

11  the state-court action was not pending when the suit for

12  declaratory relief was filed.  Doc. 47, Mem. in Opp., 9 (*citing*

13  *Dizol*, 133 F.3d at 1225).  Nor is there a presumption in favor of

14  abstention in declaratory actions generally.  *Government*

15  *Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

16  Plaintiff's choice of forum is entitled to deference.  *Tuazon v.*

17  *R. J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006).

18     Ollimac argues that its later-filed state suit involving the

19  same Defendants and factual issues as in the federal case

20  presents the potential for duplicative litigation and conflicting

21  rulings.  This is a risk Ollimac created.

22     The fact that state law controls the outcome of this

23  litigation is not dispositive, since substantive state law is

24  applied in all diversity actions.  *Conestoga Services Corp. v.*

25  *Executive Risk Indemnity, Inc.*, 312 F.3d 976, 980-81 (9th Cir.

26  2002).  The mere potential for conflict in the results of

27  adjudications does not require federal court abstention.  The

28  possibility of a race to judgment is inherent in a system of dual

sovereigns and, in the absence of exceptional circumstances, that possibility alone is not sufficient to overcome the interest in the federal courts's exercise of jurisdiction over cases properly before them. *Colorado River Conservation District v. United States*, 424 U.S. 800, 816, 818 (1976); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002).

Bou-Matic argues that dismissal is inappropriate because Ollimac has participated in the declaratory-judgment action for a year. Doc. 47, Mem. in Opp., 10-11. In particular, Bou-Matic claims that Ollimac aided Bou-Matic in invoking the court's personal jurisdiction over the Fullwood Defendants, and that having argued in favor of jurisdiction, Ollimac should be judicially estopped to argue against it. See Doc. 21, Mot. to Dismiss; Doc. 29, Mem. in Opp.

The Declaration of Michelle I. Morelli, attached as Exhibit 5 to Bou-Matic's opposition, was submitted in support of the exercise of personal jurisdiction over the Fullwood Defendants in the forum state, California, not in favor of federal subject-matter jurisdiction over the declaratory-judgment action. See Doc. 29, Mem. in Opp., 10 ("[t]he following facts conclusively establish that the Fullwood Defendants are subject to personal jurisdiction in California"). Ollimac's position regarding personal jurisdiction over the Fullwood Defendants is not inconsistent with its position regarding subject-matter jurisdiction over the declaratory-judgment suit.

Bou-Matic argues against dismissal on the grounds that it is Ollimac who has forum-shopped by filing suit in state court eight months after Bou-Matic filed the present case. Doc. 47, Mem. in

1  Opp., 9-10.  Bou-Matic claims that the state suit is a "reactive"

2  action, filed for the improper purpose of defeating federal

3  diversity jurisdiction and in hopes of obtaining a "home-court

4  advantage."  Id., 9-10, 11-12.

5       Bou-Matic, Ollimac, and TDR entered into a mediation

6  agreement on March 10, 2005, whereby they agreed to a stay of

7  proceedings until July 31, 2005.  This agreement was reduced to

8  stipulation and made an order on March 28, 2005.  Doc. 17, Stip.

9  and Order, 2.  A subsequent agreement between the parties

10  extended the period until September 30, 2005.  Decl. of Timothy

11  J. Grant, ¶ 4.  The mediation agreement provided that Ollimac

12  would have until December 19, 2005, to respond to the complaint.

13  Id.  Ollimac's delay in filing the declaratory-judgment action is

14  not dispositive.

15                    VI.   <u>CONCLUSION</u>

16       Bou-Matic first sought a federal forum for resolution of its

17  dispute with Defendants based on diversity jurisdiction.  There

18  is no compelling reason to invoke abstention discretion to deny

19  Plaintiff its choice of forum.  Defendant Ollimac's motion to

20  dismiss is DENIED.

21  **SO ORDERED.**

22  **DATED: April 17, 2006**

23

24                         **/s/ OLIVER W. WANGER**

25                    _____

26                         **Oliver W. Wanger**
                       **UNITED STATES DISTRICT JUDGE**

27

28